IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ESTATE OF JOHN R.H. THOURON, CHARLES H. NORRIS, EXECUTOR,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CIVIL ACTION<br>NO. 11-4058 |

**OPINION**

**Slomsky, J.**                                                                                                          **November 7, 2012**

**I.    INTRODUCTION**

      This case involves a decedent's estate seeking a refund from the United States of America for a penalty imposed and collected by the Internal Revenue Service ("IRS") for late payment of an estate tax.  Plaintiff, The Estate of John R.H. Thouron, Charles H. Norris, Executor ("Plaintiff"), seeks a refund of the tax penalty totaling $999,072.00 plus interest.  (Doc. No. 1 ¶¶ 9, 10.)  The Complaint alleges that the Estate of Thouron (the "Estate" or "Taxpayer") had reasonable cause for failing to timely pay the tax, which would justify not imposing the penalty, and that the IRS abused its discretion in denying the request for an abatement of the penalty imposed. (Doc. No. 1 at 6-10.)  On April 24, 2012 Defendant, the United States of America ("Defendant"), in furtherance of its position that the argument of Plaintiff is without merit and that the tax penalty was properly imposed, filed a Motion for Summary Judgment

1

(Doc. No. 20.) Defendant's Motion and Plaintiff's Response are now ripe for disposition.[1] For reasons that follow, the Motion for Summary Judgment will be granted.

## II.    FACTUAL BACKGROUND

On February 6, 2007, John R. H. Thouron ("Thouron") died at age ninety-nine. (Doc. No. 1 ¶ 1.) Thouron was predeceased by his wife and only child and was survived by two grandchildren who were not familiar with his financial affairs. (Id. at ¶¶ 12-14.) Charles H. Norris ("Norris") was appointed in Thouron's Last Will and Testament, dated October 4, 2005, as the personal representative of the Estate upon Thouron's death. (Id. at ¶ 3.) Norris retained attorney Cecil D. Smith ("Smith") of Cecil Smith & Associates, P.C. to provide legal services regarding tax compliance of the Estate. (Id. at ¶¶ 16-18.)

Under 26 U.S.C. § 6075, the Estate was required to file a Federal Estate and Gift Tax Return ("Form 706") and pay the tax by November 6, 2007, nine months after Thouron's death. (Id. at ¶ 20.) On November 6, 2007, Taxpayer, apparently relying on Smith's advice, filed an Application for Extension of Time to File a Return and/or Pay U.S. Estate (and Generation-Skipping Transfer) Taxes, Form 4768,[2] requesting only an extension of time to file the federal estate tax return. (Id. at ¶¶ 26, 30.) That same day, Taxpayer paid $6.5 million in taxes, which

---

[1] In deciding Defendant's Motion for Summary Judgment, the Court has considered the Motion (Doc. No. 20), Defendant's Memorandum in Support of Motion for Summary Judgment (Doc. No. 20-1), Defendant's Statement of Material Facts in Support of Motion for Summary Judgment (Doc. No. 20-2), Plaintiff's Memorandum of Law in Opposition to Defendant's Motion of Summary Judgment (Doc. No. 23), Plaintiff's Response to Defendant's Statement of Undisputed Facts (Doc. No. 24), Plaintiff's Counter-Statement of Undisputed Facts in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 25), and Defendant's Reply in Support of Motion for Summary Judgment (Doc. No. 26).

[2] Form 4768 contains four sections: Part I, Identification; Part II, Extension of Time to File; Part III, Extension of Time to Pay; and Part IV, Payment to Accompany Extension Request. Form 4768 also contains a signature line requiring verification of the accuracy of the form under the penalty of perjury. As such, this form governs extensions for both filing an estate tax return and paying the tax owed.

is approximately one-third of the total tax liability ultimately owed by the Estate. (Id. at ¶¶ 26, 30; Doc. No. 20-1, 2.) The $6.5 million payment by the Estate was allegedly calculated by Smith under the assumption that certain assets would qualify for treatment under Section 6166 of the Internal Revenue Code (the "Code"), a provision covering the deferral of taxes. (Doc. No. 25 at ¶¶ 5-7.) The Estate did not file a request for an extension of time to pay the estate tax when it requested an extension of time to file the tax return. (Doc. No. 1 at ¶¶ 26, 30.) Plaintiff avers that Smith advised the Estate that the form for an extension of time to pay the tax was not due on November 6, 2007, but rather was due when the tax return was filed. (Id. at ¶¶ 27-28; Doc. No. 25 at ¶ 17.)

On May 5, 2008,[3] the Estate filed its Form 706 estate tax return. (Doc. No. 1 at ¶ 32.) That same day, the Estate submitted Form 4768 requesting, for the first time, an extension of time to pay the estate tax under Code Section 6161. (Id. at ¶ 32 and Ex. B.) The IRS denied the Estate's request for additional time to pay the tax as untimely. (Doc. No. 25 at ¶¶ 25-26.) On October 6, 2008, Taxpayer received notice that the IRS imposed a late-payment penalty on the Estate for failure to timely pay the tax. (Doc. No. 1 at ¶ 33.) The Estate unsuccessfully appealed the penalty through the administrative process of the IRS. (Id. at ¶¶ 34-37.) As a result, on July 1, 2010, the Estate executed Form 890, the Estate Tax Waiver of Restrictions on Assessment and Collection of Deficiency and Acceptance of Overassessment, which is the form used to resolve all remaining issues with the IRS. (Id. at ¶¶ 39-40.) Thereafter, on August 23, 2010, Taxpayer paid all amounts due, including the penalty, and interest accrued on the penalty, to the date of payment. (Id.) On November 22, 2010, the Estate filed Form 843 seeking a refund and

---

[3] Plaintiff states that Form 706 was filed on May 6, 2008, but Exhibit I attaches Form 706, which is dated May 5, 2006. (Doc. No. 25 at 5; Ex. I.) For purposes of this analysis, this minor difference in date is not material.

requesting an abatement of the $999,072.00 penalty plus interest.  (Id. at ¶ 43.)  Taxpayer did not receive a decision on the request for the refund and on June 22, 2011 filed the Complaint in this action.  (Id. at ¶ 44.)

### III.   STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In reaching this decision, the court must determine "whether the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and whether the moving party is therefore entitled to judgment as a matter of law."  Macfarlan v. Ivy Hill SNF, LLC., 675 F.3d 266, 271 (3d Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  A disputed issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party.  Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  A factual dispute is "material" only if it might affect the outcome of the suit under governing law.  Doe v. Luzerne Cnty., 660 F.3d 169, 175 (3d Cir. 2011) (citing Gray v. York Papers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992)).  The Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. Anderson, 477 U.S. at 247-49.

In deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party.  Macfarlan, 675 F.3d at 271; Bouriez v. Carnegie Mellon Univ., 585 F.3d 765, 770 (3d Cir. 2009).  Whenever a factual issue arises which cannot be resolved without a credibility determination, at this stage the Court must credit the non-moving party's evidence over that presented by the moving party.  Anderson, 477 U.S. at 255.

If there is no factual issue and if only one reasonable conclusion could arise from the record regarding the potential outcome under the governing law, summary judgment must be awarded in favor of the moving party.  Id. at 250.

## IV.    DISCUSSION

Defendant seeks summary judgment in its favor on Plaintiff's claim that Taxpayer is entitled to a refund of the penalty it paid, totaling $999,072.00, plus the interest also paid.  In response, Plaintiff argues that Defendant is not entitled to summary judgment.  For reasons set forth below, the Court will grant the Motion.

### A.    **Applicable Code and Regulation Provisions**

The Code governs the time to file an estate tax return and pay the estate tax.  The provision governing the timing for filing an estate tax return provides:

> (a) Estate tax returns.  Returns made under section 6018(a) (relating to estate taxes) shall be filed within 9 months after the date of the decedent's death.

26 U.S.C. § 6075.  The provision governing the timing for payment of an estate tax provides:

> [W]hen a return of tax is required under this title or regulations, the person required to make such return shall, without assessment or notice and demand from the Secretary, pay such tax to the internal revenue officer with whom the return is filed, and shall pay such tax at the time and place fixed for filing the return.

26 U.S.C. § 6151.  Here, the Estate had until November 6, 2007, nine months after Thouron's death on February 6, 2007, to file the estate tax return and pay the tax owed. The Estate did not file the tax return on November 6, 2007 and instead properly requested a six-month extension of time to file the return.  With the request for the extension, the Taxpayer paid $6.5 million as a partial payment of the estate tax due.  At that point the Estate, however, did not file a request to extend the time to pay the tax.

The applicable Treasury Regulation governing extensions of time to pay an estate tax provides in pertinent part:

> An application for an extension of time for payment of the tax . . . will not be considered unless the extension is applied for on or before the date fixed for payment of the tax.

26 C.F.R. § 20.6161-1(b).  This rule is reiterated in the Instructions for completing Form 4768, the Form used by the Estate when it requested an extension of time to file the tax return.  The pertinent instruction for Form 4768 provides:

> **Note**.  An application for an extension of time to pay estate tax applied for after the estate tax due date will generally not be considered by the IRS.

(Doc. No. 20-3 at 1.)  The Estate did not file for an extension of time to pay the tax on or before the date the payment was due as is required under the Treasury regulations, but rather made an untimely request after payment was due.

Under the Code, a taxpayer must file separate requests with the IRS for an extension of time to file a tax return and for an extension of time to pay the tax.  The pertinent provision of the Code is as follows:

> (e) Payment of the tax. An extension of time for filing a return does not operate to extend the time for payment of the tax. See § 20.6151–1 for the time for payment of the tax, and §§ 20.6161–1 and 20.6163–1 for extensions of time for payment of the tax. If an extension of time to file a return is obtained, but no extension of time for payment of the tax is granted, interest will be due on the tax not paid by the due date and the estate will be subject to all applicable late payment penalties.

26 C.F.R. § 20.6081-1.  This rule is also set forth in the Instructions for completing Form 4768, the Form used by the Estate when it requested an extension of time to file the tax return.  The pertinent instruction for Form 4768 provides:

> **Note**.  An extension of time to file does not extend the time to pay.

(Doc. No. 20-3 at 2.)

6

Under Section 6651 of the Code, if the estate tax is not timely paid, a penalty accrues by operation of law unless the estate can demonstrate its failure to timely pay was due to reasonable cause and not due to willful neglect. The Code provides as follows:

> (a) **Addition to the tax.**—In case of failure—
> . . . .
> (2) to pay the amount shown as tax on any return specified in paragraph (1) on or before the date prescribed for payment of such tax (determined with regard to any extension of time for payment), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount shown as tax on such return 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate. . . .

26 U.S.C. § 6651(a). Treasury Regulations explain that failure to pay is based upon reasonable cause when "the taxpayer has made a satisfactory showing that he exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship . . . if he paid on the due date." 26 C.F.R. § 301.6651-1(c). Here, the Estate paid the penalty assessed by the IRS, and according to the Code is entitled to a refund if it can show "reasonable cause" for paying the tax late. As such, the crux of this case is whether the Estate had reasonable cause to justify the untimely payment of the estate tax.

### B.    Reasonable Cause Has Not Been Established by the Estate

#### 1. Reasons Given by the Estate

The Estate contends that this case is not a simple case of a failure to file for an extension of time to pay an Estate tax. (Doc. No. 23 at 1-2.) Rather, the Estate argues this is a case where it relied on the erroneous advice of Smith, a hired professional, with respect to substantive legal issues. (Id. at 2.) Specifically, Taxpayer avers that in the months before the deadline for filing and paying the estate tax, Smith advised the Estate that it was on target to timely file its return

7

and pay the tax. (Id. at 3.) Moreover, in the weeks before the filing and payment deadline Smith advised the Estate that its illiquid assets may qualify for treatment under Code Section 6166, which would defer a tax on assets that qualify as assets of a closely held trade or business. (Id.) Smith further advised that if the assets did not qualify for this treatment, there would be no penalty imposed and that the Estate need only file for an extension of time to file the tax return. (Id.)

Taxpayer also contends that the administration of the Estate was complex. (Id. at 4.) Thouron was ninety-nine when he died and was predeceased by both his son and wife, leaving his two grandchildren as the sole heirs. (Id.) Thouron's heirs allegedly knew almost nothing about his business affairs, and despite closing his business ten years prior to his death, Thouron's business records could not be located. (Id.) Adding to the complexity, the Estate's holdings were located in multiple states and countries and comprised of illiquid limited partnership interests with scarce records. (Id.) Plaintiff alleges that the weeks preceding the November 2007 deadline were especially "chaotic," and several material questions remained unanswered. (Id.) As a result, on the filing deadline of November 6, 2007, "Norris determined that there remained too many unanswered questions and decided to seek an extension of time to file the return." (Id.)

In reliance on written advice from Smith, Norris paid $6.5 million of the Estate's tax liability, which was the amount of quantifiable liability at that time. (Id.) Also under Smith's guidance, the Estate filed for an extension of time to file its return. (Id. at 5.) As noted previously, the Estate contends Smith further advised it that it did not have to request an extension of time to pay taxes until it filed its return. (Id. at 4.) Again following Smith's counsel, the Estate filed its estate tax return by the extended deadline along with a form requesting an extension of time to pay the remaining tax balance. (Id. at 5.) The Estate asserts

"Smith's advice regarding the deadline for requesting additional time to pay tax ultimately proved to be erroneous. . . . As a result, the [IRS] imposed the penalty." (Id.) Plaintiff asserts that the Estate exercised "ordinary business care and prudence" in relying on an estate tax expert to advise it on the complex issues of timing of requests for filing and payment extensions and application of Code Section 6166. (Id. at 11.)

### 2. The Law Does Not Support the Estate's Position

The United States Supreme Court has addressed a situation similar to this case in United States v. Boyle, 469 U.S. 241 (1985). In Boyle, Robert W. Boyle ("Boyle") was appointed as the executor of his mother's estate (the "Boyle estate") when she died on September 14, 1978. Id. at 242. Boyle hired an attorney to advise on tax matters related to the Boyle estate. Id. The attorney informed Boyle that the Boyle estate must file an estate tax return, but did not specify the filing deadline. Id. On September 6, 1979, Boyle learned for the first time that the Boyle estate's tax return was overdue because the nine-month deadline of June 14, 1979 had passed. Boyle's attorney explained that he missed the filing deadline due to a clerical oversight whereby the filing date was omitted from his calendar. Id. at 243. The return was filed three months late on September 13, 1979, shortly after this error was discovered. Id. The IRS assessed an additional tax penalty against the Boyle estate for the late filing pursuant to Code Section 6651(a)(1). Id. Boyle then sued for a refund of the penalty imposed by the IRS for the late filing of the return. Id.

In commencing its analysis in Boyle, the Supreme Court noted that "Congress' purpose in the prescribed civil penalty was to ensure timely filing of tax returns to the end that tax liability will be ascertained and paid promptly. The relevant statutory deadline provision is clear." Id. at 245. The Court established a bright line rule that the "failure to make a timely

filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing." Id. at 252.

In reaching this decision, the Court explained that "[i]t requires no special training or effort to ascertain a deadline and make sure that it is met." Id. Further, the Court reasoned that "Congress has charged the executor with an unambiguous, precisely defined duty to file the return within nine months . . . That the attorney, as the executor's agent, was expected to attend to the matter does not relieve the principal of his duty to comply with the statute." Id. at 250. The court made clear "[t]his case is not one in which a taxpayer has relied on the erroneous advice of counsel concerning a question of law," explaining:

> When an accountant or attorney advises a taxpayer on a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to rely on that advice. Most taxpayers are not competent to discern error in the substantive advice of an accountant or attorney. . . .
>
> By contrast, one does not have to be a tax expert to know that tax returns have fixed filing dates and that taxes must be paid when they are due. In short, tax returns imply deadlines. Reliance by a lay person on a lawyer is of course common; but that reliance cannot function as a substitute for compliance with an unambiguous statute. Among the first duties of the representative of a decedent's estate is to identify and assemble the assets of the decedent and to ascertain tax obligations. Although it is common practice for an executor to engage a professional to prepare and file an estate tax return, a person experienced in business matters can perform that task personally. It is not unknown for an executor to prepare tax returns, take inventories, and carry out other significant steps in the probate of an estate. It is even not uncommon for an executor to conduct probate proceedings without counsel.

Id. at 251-52.

The Boyle case involved the late filing of an estate tax return. A decision of the Ninth Circuit applied the reasoning in Boyle to a case involving the failure to pay a tax on time. Baccei v. United States, 632 F.3d 1140, 1148 (9th Cir. 2011). In Baccei, Ronald B. Baccei ("Baccei") was appointed as the trustee for a revocable trust upon Eda O. Pucci's death on September 17,

2005.  Id. at 1143.  Baccei retained a certified public accountant to prepare and file the Pucci's estate tax return.  Id.  On June 16, 2006, the accountant for the Pucci estate mailed to the IRS a Form 4768 Application for Extension of Time to File a Return and/or Pay U.S. Estate Taxes to extend the filing deadline.  Id.  The accountant completed three of the four sections of Form 4768, failing to complete Part II, entitled "Extension of Time to Pay."  Id.  The accountant's cover letter enclosing Form 4768 stated that the Pucci estate was seeking "this extension of time to pay as well as asking that no penalty be asserted."  Id.  Because the Pucci estate did not pay its tax by the June 2006 deadline, the IRS assessed a penalty plus interest against the estate.  Id.

The Baccei court explained its rational for applying Boyle in the context of a failure to timely pay a tax as follows:

> We extend these determinations of reasonable cause under § 6651(a)(1) to determinations of reasonable cause under § 6651(a)(2). There is no reason to distinguish between reasonable cause for a failure to timely file an estate tax return and reasonable cause for a failure to timely pay an estate tax, and we refuse to do so. Accordingly, we affirm the district court's finding that [the taxpayer's] reliance upon [a professional] to competently file a payment extension request does not constitute reasonable cause excusing [the taxpayer's] failure to timely pay the estate taxes owed.

Id. at 1148. This Court agrees with the reasoning in Baccei that the holding in Boyle applies with equal force to a failure to pay a tax because the "reasonable cause" excuse for failing to file a return or pay a tax timely in both subsections is the same. 26 U.S.C. § 6651 (a)(1), (a)(2). Further, the statutes place an identical burden on executors to file returns and pay taxes by the prescribed deadlines.  Id.

In Baccei, the court held that retention of a professional does not negate a taxpayer's responsibility to identify the payment deadline and ensure payment was made prior thereto. Baccei, 632 F.3d at 1149.  In Baccei, the estate relied on an accountant to file extensions of time to pay and file tax returns, whereas in this case the professional relied on is an attorney.  Id.  The

11

difference in occupation of a professional is not material because an accountant and a tax attorney are professionals hired for their estate tax expertise. Similar to the holding in Boyle, the Ninth Circuit concluded in Baccei:

> By failing to confirm that an extension had been requested and granted before the payment deadline lapsed, [the taxpayer] failed to exercise the "ordinary business care and prudence" necessary to establish reasonable cause under 26 C.F.R. § 301.6651-1(c)(1).

Id.

In this case the Estate asserts it has reasonable cause for paying the tax late because it relied on the advice of its tax counsel, Smith. Specifically, Plaintiff alleges Smith advised the Estate to file for an extension of time to file its tax return and instructed the Estate to pay $6.5 million of the total tax liability owed. Smith also allegedly advised Taxpayer that it did not have to request an extension of time to pay the tax due until it filed its return.

When the Court views the facts in the light most favorable to Plaintiff, it is clear that Plaintiff's argument that the advice given by Smith regarding the statutory deadline to pay the tax does not constitute reasonable cause. By Plaintiff's own admission in its Memorandum, "Smith's advice regarding the deadline for requesting additional time to pay tax ultimately proved to be erroneous. . . . [and a]s a result, the Service imposed the penalty." (Doc. No. 23 at 5.) This Court will follow the reasoning in Boyle and in Baccei. The penalty for failure to timely pay a tax is clearly established in 26 U.S.C. § 6651. It is apparent both from the language of the statute and the instructions on the form filed by Taxpayer seeking additional time to file the tax return that the filing for an extension of time to file a tax return does not relieve a taxpayer of the obligation to file for an extension of time to pay a tax. Norris, as executor of the Estate, was obligated to

confirm basic statutory deadlines for either paying the estate tax or requesting an extension of time to do so.

Congress intended to place the burden of prompt filing of tax returns and payment squarely on executors of estates such as Norris, and not on employees or agents of executors such as attorneys, such as Smith. While the retention of Smith as a tax expert was a clear exercise of Norris' "ordinary business care and prudence" under 26 C.F.R. § 301.6651-1(c)(1),[4] reliance on an agent for compliance with unambiguous deadlines does not constitute "reasonable cause" for a late payment of a tax within the meaning of Section 6651(a)(2).

## V. CONCLUSION

Accordingly, the Court will grant summary judgment in favor of Defendant on Counts I and II of the Complaint. An appropriate Order follows.

---

[4] Taxpayers' argument that there were no heirs knowledgeable about Thouron's business affairs and there was a need for counsel in a complex matter to gather voluminous records in a "chaotic" atmosphere does not amount to reasonable cause for failure of the executor to timely file the form to extend the time to pay the tax.

13